**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| BOBBY HENARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-511-TS |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Bobby Henard filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody Seeking Review of a Prison Disciplinary Sanction. Under Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."

Here, Henard is challenging the Superintendent's failure to give him earned credit time for certain educational programs he has completed. [Petition, DE 1.] Unlike a prison disciplinary proceeding, which Indiana State Courts will not review, *see Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002), the denial of education credits is reviewable by the Indiana Courts through a petition for post-conviction relief after an inmate has exhausted his administrative remedies. *See Young v. State of Indiana*, 888 N.E.2d 1255 (Ind. 2008). Here, Henard states that he has exhausted his administrative remedies, so he is now ready to file a state post-conviction relief petition. Only after he has exhausted the remedies available to him in the state courts can he file a habeas corpus petition in this court. *See* 28 U.S.C. § 2254(b)(1)(A).

For the foregoing reasons, the habeas petition [DE 1] is **DISMISSED**.

SO ORDERED on November 9, 2009.

                                        s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION